UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN F. ALLEN, )<br>)<br>    Plaintiff, )<br> vs. )<br>)<br>)<br>FINANCIAL RECOVERY SERVICES, INC., )<br>RESURGENT CAPITAL SERVICES LP, )<br>LVNV FUNDING LLC, and )<br>FFPM CARMEL HOLDINGS I, LLC )<br>)<br>    Defendants. )<br>) | C.A. No. 09-<br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. ("FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. ("CPL"). These laws prohibit debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337. Supplemental jurisdiction is provided by 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Carolyn F. Allen is an adult individual residing in Philadelphia, Pennsylvania.

5.  Defendant Financial Recovery Services, Inc. ("FRS") is engaged in the business of purchasing defaulted consumer debt and collecting such debt in this Commonwealth. FRS regularly attempts to collect debt in this Commonwealth. FRS is a debt collector as defined by the FDCPA and the FCEUA. FRS has offices at 4900 Viking Drive, Edina, MN 55435.

6.  Defendant Resurgent Capital Services LP ("Resurgent") is a limited partnership engaged in the business of collecting defaulted consumer debt throughout the country and in this Commonwealth. The principal purpose of Resurgent is the purchase of defaulted debt and the collection of such debt using the mails and telephone, and Resurgent regularly attempts to collect debt in this Commonwealth. Resurgent is a debt collector as defined by the FDCPA and the FCEUA. Resurgent has offices at 15 South Main Street, Suite 600, Greenville, SC 29601.

7.  Defendant LVNV Funding LLC ("LVNV") is a limited liability company engaged in the business of collecting defaulted consumer debt throughout the country and in this Commonwealth. The principal purpose of LVNV is the purchase of defaulted debt and the collection of such debt using the mails and telephone, and LVNV regularly attempts to collect debt in this Commonwealth. LVNV is a debt collector as defined by the FDCPA and the FCEUA. LVNV has offices at 15 South Main Street, Suite 600, Greenville, SC 29601.

8.  Defendant FFPM Carmel Holdings I, LLC ("FFPM") is a limited liability company engaged in the business of collecting defaulted consumer debt throughout the country and in this Commonwealth. The principal purpose of FFPM is the purchase of defaulted debt and the collection of such debt using the mails and telephone, and FFPM regularly attempts to collect debt in this Commonwealth. FFPM is a debt collector as defined by the FDCPA and the FCEUA. FFPM has offices at 230 Peachtree Street, Atlanta, GA 30303.

.

## IV.     FACTUAL ALLEGATIONS

9.      At all pertinent times hereto, Defendants purchased and attempted to collect moneys relating to a consumer purchase that was allegedly owed to another.

10.     The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

11.     On July 28, 2008, Defendant FFPM filed a Statement of Claim against Plaintiff in the Philadelphia Municipal Court, at No. SC-08-07-28-7585, demanding payment of $1,396.89.

12.     Defendant FFPM stated in the Statement of Claim that the "principal" balance consisted of $1,319.17.  This statement was false, deceptive and misleading.  The principal amount claimed was inaccurate because it included already accumulated interest, charges and fees.  This resulted in an inaccurate and overstated amount of principal.

13.     The failure of Defendant FFPM to comply with Pennsylvania law and allege the amounts of the charges that are part of the claim, the dates of the charges, credits for payments, if any, dates and amounts of interest charges and dates and amounts of other charges in the Statement of Claim, and the failure to attach a copy of an invoice or statement of account, constituted false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

14.     Defendant  FFPM knew when it filed the Statement of Claim that it did not possess evidence proving the alleged debt, such as an application for the account, an invoice, a statement of account or any other writings upon which the claim was based, as required by Municipal Court Rule 109.  Defendant did not affirm, as required by Rule 109, that such documents were not available or the reasons they were not available.

15. FFPM's filing of a collection lawsuit without possessing the evidence to prove the existence of a debt violated the FDCPA, the FCEUA and the CPL.

16. On September 18, 2008, Plaintiff retained counsel who entered an appearance on her behalf in the Municipal Court case.

17. On November 17, 2008, Plaintiff and her counsel appeared at Municipal Court for the hearing on FFPM's collection action.

18. Plaintiff contested FFPM's action and the Municipal Court ruled in her favor, entering judgment on her behalf and against FFPM on November 17, 2008. A copy of the docket entries from the Municipal Court case is attached hereto as Exhibit B.

19. Defendant FFPM did not appeal the judgment entered against it by the Municipal Court.

20. Instead, with knowledge that the debt was not uncollectible, Defendant FFPM nonetheless sold the debt to one or more of the other Defendants so that they could attempt to collect the debt..

21. On August 14 2009, Defendant FRS, on behalf of Defendants Resurgent and LVNV, sent Plaintiff a letter attempting to collect the debt. A copy of the August 14, 2009 letter is attached hereto as Exhibit C.

22. In addition, on or around August 25, 2009, Defendant FRS, through its employee and agent Wade Buchanan, telephoned Plaintiff at her home and demanded she pay the debt.

23. All Defendants knew or should have known that their actions violated the FDCPA, the FCEUA and the Pennsylvania CPL. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, the FCEUA and the

CPL, but neglected to do so and failed to adequately review their actions to insure compliance with said law.

24. As a result of the filing of the lawsuit and the Defendants' other actions described above, Plaintiff suffered an ascertainable loss of money or property. For example, she incurred expenses to hire counsel to represent her in defending against the claim and to attend the Municipal Court hearing, and incurred further expenses in traveling to the office of counsel to consult concerning Defendants' post-judgment efforts to collect the debt..

25. The Defendants' actions described above violated the FDCPA in a number of ways, as more fully set forth below.

26. The violations of the FDCPA as set herein constitute violations of the FCEUA, *see* 73 P.S. § 2270.4(a), (b), and hence are unfair and deceptive debt collection practices in violation of the CPL, *see* 73 P.S. § 2270.5(a).

27. Defendant FRS is the agent of Defendants Resurgent and LVNV.

28. Defendants Resurgent and LVNV are liable for all wrongful acts committed by its agent. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000); *Ditty v. Checkrite, Ltd., Inc.*, 973 F. Supp. 1320 (D. Utah 1997).

29. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent, without probable cause and in wanton disregard of federal and state law and the rights of the Plaintiff herein.

## V.     CLAIMS FOR RELIEF

### COUNT I - Violation of the FDCPA

5

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Defendants are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

33. The lawsuit filed against the Plaintiff by Defendant FFPM is a "communication" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

34. The August 14, 2009 letter and the August 25, 2009 telephone call to Plaintiff from Defendant FRS are each a "communication" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

35. Defendants violated the FDCPA as to the Plaintiff. Defendants' violations include, but are not limited to, violations of the Act as evidenced by the following conduct:

   a. Defendants used false, deceptive and misleading representations and means in connection with the collection of the alleged debt, in violation of section 1692e;

   b. Defendants falsely represented the character, amount and legal status of the debt, in violation of section 1692e(2)(A);

   c. Defendants threatened to take action that cannot legally be taken, in violation of section1692e(5);

   d. Defendants used false representations or deceptive means to collect or attempt to collect the debt, in violation of section 1692e(10);

   e. Defendants used unfair or unconscionable means to collect or attempt to collect the debt, in violation of section 1692f;

    f. Defendants attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of section 1692f(1).

  36. Defendants took all the actions described herein while knowing that such filing of an action against Plaintiff was in violation of the Pennsylvania rules and Pennsylvania case law.

  37. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under Pennsylvania law and with the purpose of coercing Plaintiff to pay an alleged debt that Defendants knew they had no evidence of or means of proving.

  38.  As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of statutory damages, actual damages and attorney's fees and costs.  15 U.S.C. § 1692k(a)(1), (2)(A), (3).

<p align="center"><strong><u>COUNT II - Violation of the FCEUA and CPL</u></strong></p>

  39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

  40. Each Defendant is either a creditor or a debt collector as defined by section 2270.3 of the FCEUA.

  41. Plaintiff is a "debtor" as defined by section 2270.3 of the FCEUA.

  42. The Statement of Claim filed by Defendant FFPM is a "communication" relating to a "debt" as defined by section 2270.3 of the FCEUA.

  43. The August 14, 2009 letter and the August 25, 2009 telephone call to Plaintiff from Defendant FRS are each a "communication" relating to a "debt" as defined by section 2270.3 of the FCEUA.

44. Pursuant to 73 P.S. § 2270.4, violations of the FDCPA by a creditor or a debt collector are violations of the FCEUA.

45. Defendant FFPM engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the CPL, by attempting to collect debt in violation of the FCEUA. Defendant FFPM violated the FCEUA and CPL by engaging in the conduct described above in violation of the FDCPA.

46. Defendant FFPM filed litigation against Plaintiff, in violation of Pennsylvania law, and did so in an unfair and deceptive manner because, among other things, Defendant knew it had no evidence to prove the alleged debt. Defendant's filing of the lawsuit without possessing the means of proving the debt, its demands for payment, its sale of the debt to the other Defendants while knowing that judgment had been entered against it by the Municipal Court, all constituted deceptive conduct which created a likelihood of confusion or misunderstanding, in violation of section 201-2(4)(xxi) of the CPL.

47. The actions of Defendants FRS, Resurgent and LVNV in attempting to collect a debt from the Plaintiff that a court had already ruled was not an obligation of the Plaintiff, constituted deceptive conduct which created a likelihood of confusion or misunderstanding, in violation of section 201-2(4)(xxi) of the CPL.

48. Defendants' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

49. As a result of the above violations of the FCEUA and CPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered declaring that Defendants' actions as described above are in violation of the FDCPA, the FCEUA and the CPL;

(b) That judgment be entered against Defendants for actual damages;

(c) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), and 73 P.S. § 201-9.2(a);

(d) That judgment be entered against Defendants for treble damages pursuant to 73 P.S. § 201-9.2(a);

(e) That judgment be entered against Defendants for punitive damages;

(f) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3), and 73 P.S. § 201-9.2(a); and

(g) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**DONOVAN SEARLES, LLC**

Dated:  September 21, 2009     By: *s/ David A. Searles*_____
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

Attorneys for Plaintiff Carolyn F. Allen

# EXHIBIT A



## PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Louis J. Presenza, President Judge     Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM

**Code:** Commercial Paper\Loans - (7)     **#** SC-08-07-28-7585

| Plaintiff | Defendant(s) |
|---|---|
| FFPM Carmel Holdings I, LLC., AKA/DBA: c/o Edwin A. Abrahamsen & Associates, P.C.<br>1729 Pittston Ave.<br>Scranton, PA 18505 | CAROLYN F ALLEN<br>7708 DELPHI PL<br>PHILADELPHIA, PA 19153 |

**Service Address (information) if other than above:**

*To the Defendant: Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*

The amount of $1,361.89 (Account # 5407915008828227) is due and owed for credit granted by FFPM Carmel Holdings I, L where the balance is in default since . This account has been assigned for collection by FFPM Carmel Holdings I, LLC. and FFPM Carmel Holdings I, LLC. is entitled to all rights, assignments and judgments. The Plaintiff respectfully requests that this court grant judgment in favor of
plaintiff and against defendant in the amount of $1,361.89 plus court costs and reasonable attorneys fees.

### Summons to the Defendant
You are hereby ordered to appear at a hearing scheduled as follows:

### Citation al Demandado
Por la presenta, Usted esta dirljido a presentarse a la siguiente:

34 South 11th Street
Philadelphia, PA 19107
Hearing Room: 4A

September 24th, 2008

01:00 PM

### Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 1319.17 |
| Interest | $ | 42.72 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 1361.89 |
| Service | $ | 0.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.00 |
| Court Costs | $ | 20.00 |
| **TOTAL CLAIMED** | $ | 1396.89 |

Date Filed: 07/28/2008

I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification Authorities.

MICHAEL F. RATCHFORD

**Address & Phone**

120 NORTH KEYSER AVENUE SUITE 200
SCRANTON, PA 18504
(570) 558-5510

**Signature Plaintiff/Attorney**
Atty ID #: 086285

NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT. PLEASE SEE ATTACHED NOTICES.

AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.

# EXHIBIT B

# Case Docket View
## SC-08-07-28-7585 Case Information

**Complaint claim**

**Plaintiff Information**
FFPM Carmel Holdings I, LLC., AKA/DBA: c/o Edwin A. Abrahamsen & Associates, P.C.
1729 Pittston Ave.
Scranton, PA 18505
**Attorney:** MICHAEL F. RATCHFORD ID: 086285

**Defendant Information**
1  CAROLYN F ALLEN
7708 DELPHI PL
PHILADELPHIA, PA 19153
**Attorney:** GREGORY J. ALLARD ID: 092218

Disposed

View Condensed Docket
Reverse Chronological Order

| Filing Date | Description | Results/Comments | Filing Party | Docketed Under | View |
|---|---|---|---|---|---|
| 07/28/2008 | Statement of Claims | Hearing Scheduled: 09/24/2008 01:00 PM Hearing Room 4A  Fee: $35.00  Amount at Issue: $1,361.89  Interviewer Code: 113 | MICHAEL F. RATCHFORD | FFPM Carmel Holdings I, LLC. (P)  CAROLYN F ALLEN (D1)  Service: Private Service | View |
| 07/28/2008 | Plaintiff Instructions SC | Plaintiff Instructions | MICHAEL F. RATCHFORD | FFPM Carmel Holdings I, LLC. (P)  CAROLYN F ALLEN (D1) | View |
| 07/28/2008 | ADA - ADA Notice | ADA | MICHAEL F. RATCHFORD | FFPM Carmel Holdings I, LLC. (P)  CAROLYN F ALLEN (D1) | View |
| 07/28/2008 | SC What To Do | Instructions | MICHAEL F. RATCHFORD | FFPM Carmel Holdings I, LLC. (P)  CAROLYN F ALLEN (D1) | View |
| 07/28/2008 | Non-Military Affidavit | Non-Military Affidavit - CAROLYN F ALLEN | MICHAEL F. RATCHFORD | CAROLYN F ALLEN (D1)  FFPM Carmel Holdings I, LLC. (P) | View |
| 07/28/2008 | SC Notice to Defend | Notice to Defend - CAROLYN F ALLEN | MICHAEL F. RATCHFORD | FFPM Carmel Holdings I, LLC. (P)  CAROLYN F ALLEN (D1) | View |
| 07/28/2008 | Exhibit | SUPPORTING DOCUMENTS | MICHAEL F. RATCHFORD | CAROLYN F ALLEN (D1)  FFPM Carmel Holdings I, LLC. (P) | View |
| 09/18/2008 | Entry of Appearance | Attorney GREGORY J. ALLARD filed an entry of appearance for CAROLYN F ALLEN. | GREGORY J. ALLARD | FFPM Carmel Holdings I, LLC. (P)  CAROLYN F ALLEN (D1) | |
| 09/18/2008 | Exhibit - Continuance Request | Marked for Judicial Review. | GREGORY J. ALLARD | CAROLYN F ALLEN (D1) | View |
| 09/19/2008 | Affidavit of Service | Service made for: CAROLYN F ALLEN | CMS User | CAROLYN F ALLEN (D1) | View |
| 09/24/2008 | Disposition - Continued | Continued To 11/17/2008 01:15 PM in Room: 4E.  Parties Appearing: FFPM Carmel Holdings I, LLC., MICHAEL RATCHFORD. | Louis J. Presenza | CAROLYN F ALLEN (D1) | View |
| 09/24/2008 | Notice - Notice of Continuance | | Louis J. Presenza | CAROLYN F ALLEN (D1) | View |
| 11/17/2008 | Disposition - Judgment for Defendant | Contested: TapeID: 4e Start Position: 2:02 PM End Position: 2:03 PM  Judgment for Defendant.  All parties appeared. | William A. Meehan, Jr. | CAROLYN F ALLEN (D1) | View |

[ Print All Documents ]   [ Print Only Pertinent Documents ]

# EXHIBIT C

DEPT 813   2322082809083
PO BOX 4111
CONCORD CA 94524-4111

**FINANCIAL RECOVERY SERVICES, INC.**

P.O. Box 385908
Minneapolis, MN 55438-5908
1-866-438-2413

Return Service Requested

( August 14, 2009 )

WO9387
CAROLYN ALLEN
7708 DELPHI PL
PHILADELPHIA PA 19153-1713

CLIENT: RESURGENT CAPITAL SERVICES LP
CURRENT CREDITOR: LVNV FUNDING LLC
REGARDING: HSBC/ORCHARD BANK
ACCOUNT NUMBER: XXXXXXXXXXXX8227
BALANCE: $1319.17

LVNV FUNDING LLC HAS ACQUIRED YOUR ABOVE REFERENCED ACCOUNT. THE CURRENT SERVICER OF THE ACCOUNT, RESURGENT CAPITAL SERVICES LP, HAS PLACED IT WITH THIS AGENCY FOR COLLECTION.

THE BALANCE LISTED ABOVE IS THE AMOUNT OWED AS OF THE DATE OF THIS LETTER. THE BALANCE MAY CHANGE DUE TO INTEREST OR CHARGES ADDED TO THE BALANCE AFTER THE DATE OF THIS LETTER.

WE ARE AUTHORIZED TO OFFER YOU THE OPPORTUNITIES LISTED BELOW:

- ( ) MY ACCOUNT WILL BE PAID IN FULL BY A ONE-TIME PAYMENT EQUIVALENT TO $1319.17; OR
- ( ) MY ACCOUNT WILL BE SETTLED IN FULL BY A ONE-TIME PAYMENT EQUIVALENT TO 40.00% OF THE ABOVE REFERENCED BALANCE IN THE AMOUNT OF $527.67; OR
- ( ) MY ACCOUNT WILL BE SETTLED IN FULL BY THREE EQUAL CONSECUTIVE MONTHLY PAYMENTS EQUIVALENT TO 55.00% OF THE ABOVE REFERENCED BALANCE FOR A TOTAL REPAYMENT OF $725.54; OR
- ( ) I WILL MAKE A MONTHLY PAYMENT THAT IS AFFORDABLE TO ME AT THIS TIME AS FOLLOWS, I WILL PAY $_____ MONTHLY UNTIL MY ACCOUNT IS PAID IN FULL OR ANOTHER AGREEMENT IS NEGOTIATED. PAYMENTS WILL BE SENT ON OR BEFORE THE _____ OF EACH MONTH.

PLEASE MARK YOUR CHOICE WITH AN "X" IN THE SPACE PROVIDED AND FORWARD WITH YOUR PAYMENT TO THE ADDRESS LISTED BELOW. YOU MAY CONTACT THE REPRESENTATIVE LISTED BELOW WITH ANY QUESTIONS. THE OPPORTUNITIES LISTED ABOVE DO NOT ALTER OR AMEND YOUR VALIDATION RIGHTS DESCRIBED BELOW.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS OF RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

SINCERELY,

DANIEL OLSON
ACCOUNT MANAGER
TOLL FREE: 1-866-438-2413

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Office hours are: Monday - Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

***DETACH AND RETURN THIS PORTION OF THIS NOTICE WITH YOUR PAYMENT***

NOTE: ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

AMOUNT ENCLOSED:_____

HOME PHONE:_____

WORK PHONE:_____

FRS File#: WO9387

PLEASE CHECK YOUR PAYMENT OPTION BELOW:
( ) PAID IN FULL - $1319.17
( ) SETTLED IN FULL - $527.67
( ) SETTLED IN 3 EQUAL PAYMENTS TOTALING - $725.54
( ) MONTHLY PAYMENT PLAN OF:
    $_____ BY _____ OF EACH MONTH
TOLL FREE: 1-866-438-2413

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
MINNEAPOLIS, MN 55438-5908

CAROLYN ALLEN
7708 DELPHI PL
PHILADELPHIA PA 19153-1713

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

## ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## ADDITIONAL INFORMATION FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM.

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATIONS WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

## ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS

### NOTICE OF IMPORTANT RIGHTS:

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

IF YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT, BETWEEN THE HOURS OF 8 A.M. AND 5 P.M. CST, AT THE NUMBER LISTED ON THE FRONT OF THIS NOTICE. MASSACHUSETTS RESIDENT OFFICE ADDRESS IS: 5230 WASHINGTON ST, WEST ROXBURY, MA 02132 WITH OFFICE HOURS: M-TH 10AM-3PM.

## ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

## ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS

North Carolina Department of Insurance permit number: 3917.

## ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS

This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

## ADDITIONAL INFORMATION FOR WISCONSIN RESIDENTS

This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

## NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. Please call (866) 438-2860 with your criticisms, complaints, suggestions and compliments. To discuss the account, please call the number on the front of this letter. For your convenience, we do accept VISA and MASTERCARD payment and electronic checks over the telephone. There is also a $15.00 charge assessed for checks returned to us for insufficient funds.

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Sherman Acquisition Limited Partnership | Resurgent Capital Services L.P. | Anson Street LLC |
| Sherman Acquisition II Limited Partnership | Resurgent Capital Services PR LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | LVNV Funding, LLC | Credit One Bank, N.A. |
| Sherman Acquisition TA LP | Ascent Card Services, LLC | SFG REO, LLC |
| | Ascent Card Services II LLC | PYOD LLC |
| | | Tradd Street LLC |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates and Third Parties.**

**Sharing With Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.**
This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.